**Lakhvinder SINGH, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 03–40050.

United States Court of Appeals, Second Circuit.

June 1, 2005.

Lakhvinder Singh, Flushing, NY, for Petitioner, pro se.

Lynn C. Jordheim, First Assistant United States Attorney for the District of North Dakota (Drew H. Wrigley, United States Attorney for the District of North Dakota, on the brief), Fargo, North Dakota, for Respondent.

Present: MINER, POOLER, Circuit Judges, and BLOCK, District Judge.*

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the petition be, and it hereby is, **DENIED.**

---

* The Honorable Frederic Block, United States District Judge for the Eastern District of New York, sitting by designation.

Lakhvinder Singh, a citizen of India, files this *pro se* petition for review of the May 23, 2003, decision of the Board of Immigration Appeals ("BIA"). We assume the parties' familiarity with the facts, underlying proceedings, and specification of appellate issues.

Singh applied for asylum, withholding of removal, and relief under the Convention Against Torture based on past persecution he suffered in Punjab, India due to, *inter alia*, his participation in a Sikh political party. The Immigration Judge ("IJ") ruled that Singh established past persecution but that the government had carried its burden of showing that country conditions in India had changed to the extent that Singh no longer has a well founded fear of future persecution. *See Guan Shan Liao v. United States Dep't of Justice*, 293 F.3d 61, 67 (2d Cir.2002); *see also* 8 C.F.R. § 208.13(b)(1)(i)-(ii). Singh appealed this ruling to the BIA. The BIA summarily affirmed the IJ's decision on November 21, 2002. Singh did not file a petition for review from the BIA's November order. In December 2002, Singh submitted a motion to reopen removal proceedings and attached newspaper articles and other documents that allegedly demonstrated that he faced future persecution in India. Construing Singh's motion as a motion to reconsider, the BIA denied Singh's motion on May 23, 2003.

After the BIA affirms an IJ's order of removal, a petitioner may file a motion with the BIA (1) seeking to reopen removal proceedings based on new evidence, *see* 8 C.F.R. § 1003.2(c) or (2) seeking reconsideration of the removal order on the ground that the BIA made a legal or factual error, *see* 8 C.F.R. § 1003.2(b). The

primary difference between a motion to reopen and a motion to reconsider is that the latter motion requires a review of the record as it stood at the time of the decision and does not permit consideration of new evidence. *See Zhao v. United States Dep't of Justice,* 265 F.3d 83, 90 (2d Cir. 2001).

We review the BIA's denial of motions to reopen and motions to reconsider for abuse of discretion. *See Khouzam v. Ashcroft,* 361 F.3d 161, 165 (2d Cir.2004). We presume that the BIA construed Singh's motion as a motion to reconsider, in part, due to ambiguity in Singh's filings. The BIA correctly determined that Singh's motion to reconsider failed because it did not identify any specific legal or factual errors. *See* 8 C.F.R. § 1003.2(b). Singh's claim would also fail if we were to construe his motion as a motion to reopen because he did not properly present new evidence. For instance, the additional documents Singh provided with his motion were either immaterial to Singh's specific claim or available at the time of the former hearing. *See* 8 C.F.R. § 1003.2(c)(1).

Accordingly, the BIA did not abuse its discretion and the petition for review is denied. The disposition of this appeal vacates the stay of removal previously entered.